Case number 2213300 Rodemaker v. City of Valdosta Board of Education Court, I'm Brent Savage and I represent Allen Rodemaker in this case. The different court threw our case out, the Title VII case, based on race judicata. We believe that Judge Lawson was wrong in applying race judicata in this case. This court knows from probably this third week in law school what you need for race judicata. And the last two elements of race judicata, that there is absolute privity, that you have identical parties did not exist in this case, and that the causes of action were the same. The first case that we brought was a 1983 case against the individual board members of the Valdosta City School Board. What had happened in Valdosta is that the board had been for years majority white and it changed to majority black right before Allen Rodemaker was non-renewed or terminated in this case. Judge Lawson refused to dismiss the case, but the 11th Circuit said that the sole reason had to be race for Allen Rodemaker to be terminated. Allen Rodemaker was put up by two African American folks, the school superintendent, Bill Kaysen, and the principal of Valdosta, recommended, he had a spotless record, he had won the state title for the last time in South Georgia of a major school. This is, football is a religion in Valdosta, it's Wintersville, USA, and he was non-renewed. He was non-renewed on racial grounds totally. We do not believe, and we think the law is clear, that the first suit that was brought only against the individual members of the board, the five black folks that voted against him, is the same as the second suit which was brought against the government. You would have to reverse a bunch of cases. Counsel, if the first case had been against the board members in their official capacity, you would not have an argument, would you? I agree with that, but it wasn't, and that's clear in these cases. If you look at Wright and Miller, if you look at Moore and Manuel, if you look at Davis v. Davis, if you look at Johnson v. Alabama Department of Human Resources from your own state, they make a very clear lawsuit versus City of Rivera. They say the government is a different entity for race judicata than individuals. Does that apply regardless of the agency relationship? Yes, sir. I think it does. I think it does. I think that's very clear. What we were told in this case, and you'll see Mr. McDavid is a very good young lawyer. I was against him in front of Judge Lawson. This, to us, is a travesty. This is a man who is fired because of the color of his skin. I understand that, and it's not lost on the court, but that doesn't really determine the agency question in terms of privity in this case. We're dealing with government entities. You can't have responding as superior liability, which is one of the things that the federal law is about. I understand, but that's not what they're arguing here. I mean, that's not the issue here, purely, I don't think it is. I mean, you can't say, can you, that they're not in privity unless Manel applies? I'm sorry, your last? Are you saying that a government agency is not in privity with its members unless Manel applies? Right, I am. I'm saying that these were individual lawsuits against these five people who voted to take him out. This is a very, I wish the world were different, but this is a very incendiary case. There were protests that Alan Rademacher had been fired. One of the school board members, Kelly Wilson, talked about he was fired because of his race. The second hearing that they had to get rid of Alan Rademacher, they had people stand up and say, vote your color to the black members of this. Counsel, I understand, but that's divorced from the pure legal question of privity here. You cannot be in privity. You can't be in privity unless you, you can't be in privity if you commit an outrageous act, is that right? No, you can't be in privity if you're suing individuals with the government. Yeah, but it doesn't matter what the individuals in the government did in determining whether they're in privity. I mean, the outrage or lack of outrage, where does it fit on a scale of one to ten in terms of wrongfulness or potential wrongfulness doesn't determine the agency question. Right, but if you look at Davis v. Davis, they hit us for splitting causes of action. I'm not a great appellant lawyer, but I've tried to read this stuff. What happens in this case is we filed the 1983 case. We had to wait a year for the right to sue letter with a Title VII right to come ahead against the government, and we're chided because we didn't get a stay to stop these cases. This is about real people. He's never found a job again except as an assistant. Which has nothing to do with the agency question. I'm trying to direct you to legal issue because I know these judges, and I hope I know me, and when we start discussing what is the correct result in this case, we're not going to talk about how outrageous the alleged conduct was. If they're barred from bringing it in this case, if he's barred from bringing it in this case, he's barred. I'm trying to direct you to the legal issue, which is what you need to win on if you're going to win this appeal. I think it's an easy question. Well, you're saying you can't, under Monell, you can't proceed under a respondeat superior theory. Okay. Isn't this different from Monell, and isn't this where the agency issue comes in, like Citibank, where the suit here is against the school board solely on the basis of the alleged wrongful acts of its agents? But they are private individuals in this case. If you look at Lozman, which is an 11th Circuit case, a judgment against a government or one government official does not bind a different official in a subsequent litigation where the suit is brought against them personally. So that's a reverse of here. To me, to use these bank cases in cases where you're dealing with the government is way off base. Aren't we in a category of cases where a municipality can be held liable for the acts of individual officers? In our Quinn v. Monroe case, we say municipal liability may arise with regard to an employment decision, such as termination, provided that the decision maker, here the board, possesses final authority to establish municipal policy with respect to the action ordered, which seems to be the situation we're in here, that we're outside of a Monell context and we're in more of an agency context. I don't think agency applies in this situation. You can't have respondeat superior. You can't say that these five board members had the right as agents to bind the school district. You can if they're final decision makers within the Monell. None of the individual five people are older decision makers. Collectively, they may be. They're authorized decision makers. They're authorized decision makers. That might be a better way to put it. Right. All these cases say there is no privity between the government and individuals. This agency idea that we quote Citibank cases or Bank of America cases, that's not what government liability is about in these cases. The second problem we have is that Judge Lawson said that the causes of action were similar or I should have shut the case down when I'm in the 11th Circuit on the 1983 case under this Jang case, which I'll address on rebuttal in this case. The causes of action were the same. There are dozens of new paragraphs in the 1983 case which talks about the pre-meetings prior to getting rid of Alan Rodemaker at churches to say we need a black coach. That's a direct quote from the leader of the Gang of Five, Warren Lee. We need a black man to coach these teams in this case. But the problem with the same causes of action inquiry is we need to determine, okay, what have our cases said? How do you tell if they're the same causes of action? And for race judicative purposes, it is a bar to both the precise legal theory in the first lawsuit and to legal theories and claims arising out of the same operative nucleus of fact, and that's our Plumbing versus Universal Rundle Corporation. And here they're arising. Tell me how they're not arising out of the same nucleus, same operative nucleus of fact. I don't think that they are. How? How? Because we knew a lot after we took depositions in this case. They're saying that, well, that's one of the things they raised, that they had control of the first case with the same set of lawyers as they had here and that they were supplied. But that's not my question. My question is you have a lawsuit because he was terminated because he was white and you have a second lawsuit because he was terminated because he was white. How is that not the same nucleus of fact? It is not because it's not. We knew a lot more when we went into the Title VII. You have more facts, but it's that we're looking at the nucleus. But we're looking at different actions here. But we're looking at the nucleus. The first case dealt with these meetings. Vote your color. We dealt with the two meetings we knew about. The second case has probably 80 new allegations in it or factual allegations where we talk about what happened before where they had meetings at churches discussing school business to get rid of this thing, where we had an ex-director of the school system, Bill Love, saying, I met with Warren Lee and he said we need a black man to coach these teams, get them off. So it deals more with before and after those meetings where the first case dealt with the meeting itself. So the causes of action in this case. This cause of action splitting that savages should have brought these in the first case. But you don't take the position, do you, that in the second case you could have also sued the board members in their official capacity again because you had 80 new facts? No, I don't because Title VII is only against the employer. They're not the employer. They make a big distinction that you shouldn't be after the school system. I'm sorry. Forget Title VII. You try to sue these same board members in their official capacity again because you have 80 new facts. The new facts is not a material distinction. I would beg to differ with you on that. I know I could not sue them again. I could not sue them again. Why not? Under your new facts, we have 80 new facts. When we talk about cause of action, in Shuppert where we lost up here, we're talking about their common nucleus of operative facts. Right. But the cause of action has to be the same. In this Title VII case, is it and reason that they're fired because they're a white man. In a 1983 case, it's got to be exclusive reason. The cause of action are not even close, and it's pointed out in the Shuppert decision by the 11th Circuit as to why we lost. So I think it's just wrong. And if you look at Judge Lawson in the hearing, he knew this was wrong. Thank you. Thank you, Your Honor. May it please the Court. First, I just want to emphasize again that the same cause of action test concerns the nucleus of operative fact. There has not been any authority cited in the briefs to support the argument that different statutes having different elements matters. It's a factual test. And just briefly, I would direct the Court's attention to a statement from Appellant's reply brief on page two, where Appellant states that, quote, both cases arise from the school board's decision not to renew Coach Rademacher's coaching contract. That is the nucleus. Proceeding to privity, it's clear that the individuals were acting as agents. They are named as agents in the caption of the complaint in this case. That appears again in paragraph 75 of the complaint. Discuss the relationship between agency, principle and agency, and Monell liability. Yes, Your Honor. For probably the most common type of Monell cases that we see, excessive force is a good example. An officer does an action under color of law that violates the Constitution or is alleged to have violated the Constitution, and there's no respondeant superior liability for that because under Monell, just as a matter of statutory interpretation, an entity is only liable for its own actions. So in that case, you have the excessive force example. You would have two different bases of liability, the individual's action, and then you may have an allegation that it was pursuant to a municipal custom or policy, but there are different bases of liability, the customer policy for the municipality and the officer's action for the officer. And they're also going to have adverse interests. The officer in that context is likely going to have an interest in saying that he was acting in accordance with his training. The sheriff's office would have an interest in saying that he was not. So in a lot of these 1983 cases, there are different bases of liability. But again, the core holding of Monell as an entity can only be liable for its own conduct, and here there is no question that the first lawsuit sought to hold the individuals liable for the entity's conduct, for their actions as a voting majority of the school district. There were members who didn't vote in favor of firing the plaintiffs. Were they sued in the first lawsuit? I don't believe they were, Your Honor. So that doesn't sound like they're holding them liable as members of the board. Again, the allegation is that they acted as agents of the board, and in the allegations it says they acted actually in the first complaint as members of the school board. But not all five. I'm sorry, Your Honor. But not all, all the members. Not all the members. A board by a five-member majority action is a board action. But doesn't that show that the defendants in the first case and the second case were different? They were certainly different. Just looking at the privity. Why does the difference not matter for privity purpose? I thought it had to be the same parties in privity. Well, so it's the same parties or those in privity with them. So anytime we're talking about privity, we're going to be talking about different entities. The question is whether there is a, the Supreme Court's language in Taylor v. Sturgill, is whether there is a substantive legal relationship between those two entities that creates privity. And the Modell cases that are cited by my colleague for the appellant, all are cases where there is a rogue individual, I shouldn't say all, there's one First Circuit case where it's the secretary in his individual capacity. He's likely a decision maker. But all of the others are cases where there is an alleged individual act that the individual is not a final policymaker. The individual's action is not the entity's action. And in those cases, McCall's debases of liability for those two parties is different. Municipal customer policy in one case and the officer's actions in the other, it makes sense that there wouldn't be privity. Their interests aren't even aligned much of the time. But here, where it is a majority of members, anything that that five-member majority does, any vote that they take, the school district is automatically liable for it. Always. That's their authority as the five-member majority is to take action on behalf of the school district. And that is exactly what they are alleged to have done here. And really looking at the first judgment to examine the scope of privity in the prior case, they, all of the board members in that particular case, had authority to vote. And that's the allegation that it was school board action. So that majority is final policymakers under Monell. And it was about an entity's action. It arose from the school board's decision. Not the individual actions like excessive, in the excessive force example, but the actions of the school board itself. I would point out that for the city bank there, it does create, an agency relationship does create privity. And Appellant's argument here is that there can never be privity based on a principal agency relationship between a local governmental entity, certainly a board-governed entity, and its employees. And that argument will allow two different cases. The final judgment on the merits prong is satisfied, whether it's a motion to dismiss, like it was in Roadmaker 1, or whether it's a jury trial. So there could be a Section 1981 claim where a jury finds against the plaintiff, and then the plaintiff turns around and sues the school board under Title VII. And there are not any cases that have been cited that allow that to happen. And it's also, I want to stress that it's a factual determination, whether the parties are sufficiently close that a judgment in favor of one should protect or bind the other. And in this case, the district court found, based on several bases, we've really stressed principal agent, but we believe that conspiracy and control and commonality of interest also militate in favor of privity here. But the review for that is a clear error standard. And I believe that even if it was a purely legal question. Why is it a clear error? It has a legal component and a factual component. They blend together. It's facts applied, law applied to facts. We review every other law applied to facts with certain quirky exceptions. De novo. Your Honor, the parties in this case, both of us in our briefs, stated that the standard of review. I understand, and there's a case we've got that says that. We're not bound by your briefs. We aren't bound by any holdings in prior cases. I just don't understand why law applied to fact in this instance, this sliver of our law, is clearly erroneous. I mean, the factual component we review, clearly erroneous. The district court said, here are the facts. Now, here's the law. I apply the law to these facts, and this is the result I get. We generally review law applied to facts de novo. I'm familiar with the case you're about to cite. I'm just saying, why is that different from everything else? Yes, Your Honor. To be honest, I did not dig into that issue a lot because it was not opposed by opposing parties. Fair enough. Fair enough. But the policy consequences of just uniquely stripping governmental entities of the protection of res judicata that Citibank and other private entities enjoy, there's no good policy rationale for doing that. The law does not compel it, and it would have really dramatic consequences. If a school district had to convince two different juries, one in the first case, one in the second case, to avoid liability, but a plaintiff can only get back pay, or the plaintiff can get back pay and attorney's fees likely, too, by winning one of those two cases, either under Section 1981 or Title VII, that greatly skews the deck against defendants. Why couldn't you intervene as a right in this first lawsuit? Or a permissive intervention anyway? Your Honor, that's another issue that has not showed up in the brief, so I haven't studied the intervention. I know, but you're giving us a haunted house of horrible hypotheticals. What if somebody says boo to one of them and here's your easy way out? Perhaps so, Your Honor. I have never seen a section. I have not seen personally Section 1983 cases where the entity intervened. You can blaze a trail. Be a pathfinder for the boards. Perhaps, perhaps so, Your Honor. But just looking at what the law is on this, and maybe there would be a way to avoid the double lawsuit, have to win twice problem, but the law of planning inclusion has developed very clearly the way that it has developed for private litigants for a reason, and none of the Section 1983 cases that have been cited by my colleague are warrant for believing that that law should be vastly altered for governmental entities. Also, in addition to agency, because the district court did make a control holding and a conspiracy holding, just briefly, appellant correctly points out that we did not raise the control argument until our reply brief, but the district court did consider that argument and that was an additional basis for its holding. That, too, is a finding of fact, and additionally, this court can affirm on any basis that appears from the record, but we see this as a very narrow case. When there is a five-member voting majority, where the first lawsuit and the second lawsuit, again, to quote the reply brief, both arise from the school board's decision, where the acts of the individuals and the entity are the exact same acts and where there is an agency relationship, there is privity. And to hold otherwise, I've made my policy consequences argument, I won't retread that, but just to say to hold otherwise would create a very strong new exception that, again, outside of the context of 1983 and specifically where the bases of liability are different, this would create an exception that there is not a strong legal warrant for elsewhere and that there is not any legal warrant for in this circuit. And so uniquely stripping governmental entities of the protections that private litigants enjoy would benefit appellant. It would not benefit any appellant because it will hurt governmental entities and taxpayers and communities, and plaintiff can bring these claims together and could have here. Thank you. Mr. Savage, remote? I'll be very brief. If you look at the third and fourth prongs of race judicata, the fourth prong is the causes of action are the same. They're not the same when you sue a government. All I have to show in the Title VII case was it was an operative consideration, the fact that he was a white man in this case, versus it had to be the sole cause in the 1983. The causes of action have to be the same. They are not the same here. And you cannot, I mean, it's replete with Wright and Miller and Moore's Manual where they say you can't have individuals sued and the government and say they're in privity in these cases. This is a very important case, not because I'm in it or anything else. We went back to August of 2000, I mean August of 1963. We used to have aspiring people that would say it's the color of your skin should never be a consideration, as Martin Luther King said. It's the content of your character. This man was put up because by his principle and his superintendent with an exemplary record and was fired because he was white. What you say in this case cannot sanction this type of behavior. It cannot. We can if the law requires it, counsel. I mean, I've made the same kind of argument you're making. And to justify putting somebody to death, I understand the character of the argument. I'm trying to decide the legal issue here. And I'd like for you along those lines to briefly, and not tell me about whether it's preserved, because I think it is, the district court ruled on it, discuss their control argument. Did those five people control it? No. The board controlled the individuals. They can't do a little thing to fire somebody based on race, those five folks. They were sued individually in this case. No one person was sued individually who controlled the board. I understood the argument, and I could have completely misread it, that the board controlled them. And when you sued them, you were controlling the board, that you were controlling somebody who was in privity to them because they controlled them. You may have misunderstood the argument. Everybody's well-prepared. My mother's son graduated thankfully. Everybody up there graduated magna cum laude. Here's the problem. His employer was a school district. It wasn't a school board. It doesn't matter. I mean, it breaks people's heart down there, and we've got to do something about it. Thank you for your time. I appreciate your questions. We end the morning on a bank loan status. It's a condor. Thank you. Our final case of the morning is 2211.